O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNIVERSAL DYEING & PRINTING, INC., a California corporation ,

Plaintiff,

v.

US TEXTILE PRINTING, INC.; ROSS STORES, INC.; UNO CLOTHING, INC.; CNC CLOTHING/ dba: CANDY RAIN ,

Defendants.

Case No. CV 09-09132 DDP (VBKx)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

[Motions filed on August 26, 2011 and August 27, 2011]

Plaintiff Universal Dyeing & Printing, Inc. ("Universal") alleges that Defendants US Textile Printing, Inc. ("USTP"), Uno Clothing, Inc. ("UNO"), and Ross Stores, Inc. ("ROSS") (collectively "Defendants") infringed two textile designs, for which they hold the copyright. Plaintiff and Defendants filed cross motions for summary judgment as to both designs. After reviewing the papers submitted by the parties, considering the arguments therein, and hearing oral arguments, the court GRANTS Defendants' motion and DENIES Plaintiff's motion.

**I. Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett , 477 U.S. 317, 324 (1986). The evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255.

A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Id. at 248. No genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587 (1986).

It is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 259. Instead, the non-moving party must go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 325. The "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. Anderson, 477 U.S. at 252.

The Ninth Circuit has expressed disfavor for summary judgment on questions of substantial similarity, but explained that “it is nevertheless appropriate to grant summary judgment if, considering

the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression." Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991).

**II. Discussion**

**A. Background**

Universal is a Los Angeles based printing mill that markets to the apparel industry textile designs for use on fabrics. (First Amended Complaint ("FAC") ¶ 2.) Universal is the copyright registrant of Copyright Certificate No. UA-12291. (Id.) Universal alleges that Defendant "adopted, copied, reproduced, manufactured, distributed and/or sold" textiles, i.e. clothes, with Universal's copyrighted design. Universal seeks relief for copyright infringement under 17 U.S.C. § 501. (Id. ¶¶ 28-34.)

Defendants move for summary adjudication of Universal's claim that Defendants have infringed Design UA-12291 and Design UA-13022. Defendants contend that there is no substantial similarity between the designs and garments at issue, that their designs were independently created and copyrighted, and that they are entitled to summary adjudication as to the Design UA-12291 and the Design UA-13022 in their favor.

Plaintiff also moves for summary adjudication of its claims. Plaintiff maintains that Defendants have admitted to copying Plaintiff's designs and that, therefore, Plaintiff is entitled to summary judgment in its favor. (Pl.'s Motion for Summary Judgment 8:11-20.)

**B. Copyright infringement**

To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant. Narell v. Freeman, 872 F.2d 907, 910 (9th Cir. 1989). Because direct copying is difficult to prove, a plaintiff can satisfy the second element by demonstrating that (a) the defendant had access to the allegedly infringed work and (b) the two works are substantially similar in both idea and expression of that idea. Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991).

**i. Access**

"Proof of access requires an opportunity to view or to copy plaintiff's work." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir. 2000) (internal quotation omitted). "Opportunity" has been defined as a "reasonable" possibility that Defendants viewed Plaintiff's Design. Jason v. Fonda, 526 F. Supp. 774, 776-77 (C.D. Cal. 1981). "[A] bare possibility is insufficient to create a genuine issue of whether" Defendants copied Universal's design. Id. at 777.

Universal argues as a preliminary matter that it need not prove access because Defendants have admitted to copying Universal's designs. Universal, however, cites absolutely no evidence to support this allegation. Rather, Universal baldly asserts, with no further detail or support, that "Defendant [] admitted to the copying." (Pl.'s Motion for Summary Judgment 9:19.) Indeed, Universal does not make a single citation to the record in its eleven-page motion for summary judgment in its favor. Defendant, on the other hand, denies any allegation that Defendant admitted to copying Plaintiff's designs. (See Decl. Woo ¶ 3.)

Because Universal has not produced any direct evidence that Defendants had access to Design UA-12291 or Design UA-13022 when they created the allegedly infringing garments, the court proceeds to consider whether circumstantial evidence supports a finding that Defendants had access to the designs. "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work . . . or (2) the plaintiff's work has been widely disseminated." Three Boys Music, 212 F.3d at 482.

Universal does not present any evidence that Defendants had access to Design UA-12291 or Design UA-13022 through any particular chain of events. Universal does, construing its motion quite generously, perhaps argue that Design UA-12291 and UA-13022 have been in wide enough dissemination that access can be inferred.

In Three Boys, the Ninth Circuit found that substantial evidence supported a jury's finding of access where the copyrighted song enjoyed significant radio airplay over 20 years. Three Boys, 212 F.3d at 483-85. However, in Art Attack Ink, LLC v. MGA Entertainment, Inc., 581 F.3d 1138, 1144 (9th Cir. 2009), the Ninth Circuit found that no widespread dissemination existed, despite the fact that the tee-shirt design at issue in that case was available at a display booth, on individuals wearing the tee-shirt, and via the internet. Similarly, in Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1178 (9th Cir. 2003), the Ninth Circuit found there was no evidence of widespread dissemination of a video even though 19,000 copies were sold over a 13-year period. Here, the court concludes that Universal has failed to raise any genuine issue of material

fact with respect to whether Defendants had access to Design UA-12291 or UA-13022 through wide dissemination.

The court proceeds to consider whether the two works are substantially similar in both idea and expression of that idea. The court notes that even if Plaintiff had offered admissible evidence in support of its allegations of direct copying and access, the court must still proceed to consider substantial similarity. See Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1175-78 (C.D. Cal. 2001) (proceeding to consider "substantial similarity" in a copyright action where defendants did not refute allegations of direct access and copying). Without substantial similarity, there can be no infringement. See Berkla v. Corel Corp., 66 F. Supp. 2d 1129, 1140-41 (E.D. Cal. 1999) (explaining that even if the plaintiff in that case "did have evidence of direct copying . . . he still remains unexcused from demonstrating the requisite similarity").

**ii. Substantial similarity**

To determine whether two works are substantially similar, the Ninth Circuit employs a two-part analysis — an extrinsic and an intrinsic test. The "extrinsic test" is an objective comparison of specific expressive elements. Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002). The "intrinsic test" is a subjective comparison that focuses on "whether the ordinary, reasonable audience" would find the works substantially similar in the "total concept and feel of the works." Kouf v. Walt Disney Pictures & Televison, 16 F.3d 1042, 1045 (9th Cir. 1994). In applying the two-part test, this court "inquire[s] only whether 'the protectable elements, standing alone, are substantially

similar' and "filter[s] out and disregard[s] the non-protectable elements." Cavalier, 297 F.3d at 822.

The court turns, therefore, to consider first whether Design UA-12291 is substantially similar to Ross Product SKU 7879, which contains Defendants' design W-20039. Because the court concludes that no reasonable jurist could find substantial similarity between the two textile patterns, Defendants are entitled to summary judgment in their favor as to Design UA-12291.

The garment and Plaintiff's Design UA-12291 are indeed similar; however, the two are not substantially similar. The observable elements of Universal's design are: incomplete circle motifs; circle motifs that interlock and overlap each other, generally with a small circle and larger circle; brush stroke effect background, which is not consistent in color and width; areas of white background with no brush stroke effect; and overlapping circles that are split roughly in half by distinct coloration. (See Keller Decl., Ex. B.) The observable elements of Defendant's garment are: circle motifs; circle motifs that interlock and overlap; enclosed diamond motifs; interlocking diamond motifs; concentric diamond motifs; brush stroke effect background, which is consistently vertical but varies in width; and a range of colors that includes dark greens, olive, and blues. (Id., Ex. D.)

The two patterns do share some common elements – in particular, they share a brush stroke background – however, they are readily identifiable as distinct in their particulars. Defendants' design does not contain incomplete circle motifs. Universal's circles are colored in such a way as to split the color

within the circles. Defendants’ design has no such variation in coloration within its circles. That is, unlike Universal’s design, none of Defendants’ circles or diamonds appear “filled in.” Defendants’ design has diamond shapes and Universal’s does not. The background brush strokes, while similar in technique, are not themselves similar. Universal’s strokes vary in width as one moves down the pattern within a particular stroke; Defendants’ individual strokes are significantly more uniform on the vertical axis.

The court proceeds to consider whether Design UA-13022 is substantially similar to Ross Products SKU 8548 and SKU 3903, which contains Defendants’ design W-20057 (i.e. the “water color design”). Because the court concludes that no reasonable jurist could find substantial similarity between the two textile patterns, Defendants are entitled to summary judgment in their favor as to Design UA-13022.

Plaintiff’s Design UA-13022 and Defendants’ garment SKU 8548 do share an initial appearance of similarity. Both patterns involve swaths of color or brush strokes. (See Defs.’ Motion for Summary Judgment, Ex. 5.) Plaintiff’s design, however, has brush strokes that end in a blunt flat top. Defendants’ brush strokes, in contrast, end in jagged ends. Defendants’ brush strokes are two-toned. Plaintiffs are monotone. (Id.) Plaintiff’s brush strokes are also patchy and thin in places, causing the background color to come through the brush stroke in places. Defendants’ brush strokes are more solid and contain fewer places of perceived transparency. (Id.) The two patterns are not substantially similar.

In sum, because no reasonable person could find that the two designs share substantial similarities with the garments at issue and because there is no evidence of Defendants' access to Universal's Design UA-12291 or UA-13022, Defendants are entitled to summary judgment as to Universal's claims related to infringement of Design UA-12291's and UA-13022's copyright.

**III. Conclusion**

For the reasons stated above, the court GRANTS Defendants' Motion for Summary Adjudication as to Issues and DENIES Plaintiff's Motion for Summary Judgment as to Plaintiff's Claims.

IT IS SO ORDERED.

Dated: September 13, 2011

DEAN D. PREGERSON
United States District Judge