O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> US TEXTILE PRINTING, INC.; ROSS STORES, INC.; UNO CLOTHING, INC.; CNC CLOTHING/ dba: CANDY RAIN, <br><br> Defendants. | Case No. CV 09-09132 DDP (VBKx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER GRANTING SUMMARY ADJUDICATION** <br><br> [Docket No. 190] |

Presently before the court is Plaintiff Universal Dyeing & Printing, Inc.'s Motion for Reconsideration of Court Order Granting Summary Adjudication ("Motion"). Having reviewed and considered the materials submitted by the parties, the court DENIES the Motion.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll

v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). In addition, Central District of California Local Rule 7-18 provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Here, Plaintiff Universal Dyeing & Printing, Inc. ("Universal") repeats its previously made arguments regarding Defendants' alleged misconduct and discovery violations. (Compare Mot. at 7-8, with Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 12-14, and Pl.'s Mot. for Summ. J. at 9-11.) The court therefore declines to readdress these arguments, pursuant to Local Rule 7-18.

Universal also argues that the court ignored the record and applied an incorrect legal standard as to direct evidence of copying by Defendants. (Mot. at 3-8.) Universal seems to suggest that an additional declaration provides new evidence of Defendants' access and copying. (Mot. at 9-10.) It is doubtful that Universal meets the reconsideration requirements of the Ninth Circuit and Local Rules. Regardless, the court concludes that its September 13, 2011 Order was correct on the merits. As the court then explained:

> [E]ven if Plaintiff had offered admissible evidence in support of its allegations of direct copying and access, the court must still proceed to consider substantial similarity. See Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1175-78 (C.D. Cal. 2001) (proceeding to consider "substantial similarity" in a copyright action where defendants did not refute allegations of direct access and

1  copying).  Without substantial similarity, there can be no infringement.  See Berkla v. Corel Corp., 66 F. Supp. 2d 1129, 1140-41 (E.D. Cal. 1999) (explaining that even if the plaintiff in that case "did have evidence of direct copying . . . he still remains unexcused from demonstrating the requisite similarity").

(Order at 6.)

Further, the court concluded that "no reasonable person could find that the two designs share substantial similarities with the garments at issue." (Order at 9.)  Accordingly, even assuming that Universal had shown direct evidence of copying and access, the analysis would be the same: Defendants would still be entitled to summary judgment because the patterns at issue are not substantially similar.  Universal's Motion for Reconsideration is therefore DENIED.

IT IS SO ORDERED.


Dated: November 21, 2011

DEAN D. PREGERSON
United States District Judge

3